IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff / Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 05-20077-03-JWL |
| | ) | Case No. 07-2580-JWL |
| JUAN QUINTANA-NAVARETTE, | ) | |
| | ) | |
| Defendant / Petitioner. | ) | |
| | ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

Juan Quintana-Navarette, acting pro se, has filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255, based on allegations that he received ineffective assistance of counsel with respect to his guilty plea and sentencing and that he did not understand the nature of the offense to which he pleaded (Doc. # 207).  Petitioner has also filed a motion to amend his section 2255 petition to add an additional claim attacking his plea (Doc. # 213).  The Government has responded by filing a motion to enforce petitioner's waiver of his right to file such a petition (Doc. # 216).  The Government also argues that the petition is untimely.  For the reasons set forth below, petitioner's section 2255 petition is **dismissed** as untimely.  The Government's motion to enforce the plea agreement and petitioner's motion to amend are therefore **denied as moot**.

## I.    <u>Background</u>

On January 5, 2006, after a jury trial had begun the day before, petitioner entered into a plea agreement and pleaded guilty to one count of conspiring to distribute or possess with intent to distribute over 1000 kilograms of marijuana in violation of 21 U.S.C. § 846.  In the plea agreement, petitioner waived the right to appeal or collaterally attack any sentence within the applicable sentencing guideline range.  On April 24, 2006, the Court sentenced petitioner to a term of imprisonment of 120 months, a term that represented the statutory minimum sentence and the low end of the applicable guideline range.  On August 22, 2006, the Tenth Circuit Court of Appeals dismissed petitioner's direct appeal on the basis of his waiver, *see United States v. Quintana-Navarette*, No. 06-3174, 192 Fed. App'x 790 (10th Cir. Aug. 22, 2006), and the Tenth Circuit issued its mandate the same day.

On December 10, 2007, petitioner's 2255 petition was filed by the clerk's office. In the petition, petitioner declared under penalty of perjury that he placed the petition in the prison mailing system on November 23, 2007.

## II.    <u>Timeliness of the Petition</u>

Petitions under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1)  the date on which the judgment of conviction becomes

final;

      (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

      (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The Government argues that petitioner's section 2255 petition was not filed until December 10, 2007, more than one year after the Tenth Circuit dismissed petitioner's appeal on August 22, 2007, and that the petition is therefore untimely.

Petitioner argues that the petition is timely under section 2255(f)(1).  First, petitioner correctly points out that under the federal prisoner mailbox rule, his petition is deemed filed on November 23, 2007, when, according to his sworn statement, he delivered the petition to prison officials for mailing.  *See Burger v. Scott*, 317 F.3d 1133, 1136 n.3 (10th Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).  Petitioner also correctly notes that the judgment of his conviction became final for this purpose not when the Tenth Circuit dismissed his direct appeal, but upon the expiration of his time for filing a petition for writ of certiorari in the Supreme Court.  *See Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  Applying those two rules, petitioner argues that he timely filed his petitioner within one

3

year of November 24, 2006, the deadline for his filing a petition for writ of certiorari in the Supreme Court.

Although petitioner has corrected identified these rules for applying the one-year statute of limitations, he has not succeeded in calculating his filing deadlines correctly. Although this Court did not receive the mandate from the Tenth Circuit until August 24, 2006, the Tenth Circuit actually issued its opinion and mandate on August 22, 2006. The Supreme Court grants 90 days from the date of entry of the judgment or the order sought to be reviewed in which to file a petition for writ of certiorari. *See* Supreme Court Rules 13.1, 13.3. Thus, petitioner's deadline for filing in the Supreme Court was November 20, 2006. Based on that deadline, petitioner's one-year period for filing a petition under section 2255 expired on November 21, 2007. *See Hurst*, 322 F.3d at 1261 (one-year period began on the day after the period for certiorari petition expired). Accordingly, even under the prisoner mailbox rule, because petitioner did not file until November 23, 2007, the petition is not timely under section 2255(f)(1).

Petitioner also argues that "his motion should be found to be timely under [§ 2255(f)(4)] because of it's [*sic*] being filed within a year of the date he received a copy of the Tenth Circuit's denial of his direct appeal." As noted above, that provision allows for petitions filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner has not identified the date on which he received the Tenth Circuit's opinion. Nor has petitioner explained how that opinion altered the

4

factual basis for his collateral claims, which appear to be based on facts known to petitioner by the time of his sentencing.  Accordingly, the Court concludes that the petition is not timely under section 2255(f)(4).  Petitioner has not argued that his petition is timely under paragraph (2) or (3) of section 2255(f), and there is no basis in the record for the application of either provision here.

Petitioner has not identified any other basis to justify the untimeliness of his petition.  The one-year limitations period under section 2255 may be subject to equitable tolling.  *See United States v. Gabaldon*, __ F.3d __, 2008 WL 1734777, at *2 (10th Cir. Apr. 16, 2008).  Such tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Id.* (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.

*Id.* (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)); *see also Gibson*, 232 F.3d at 808 (one-year statute of limitations is subject to equitable tolling only in "rare and exceptional circumstances").

Petitioner has not identified any basis for equitable tolling of the limitations period here.  He has not shown that he is actually innocent (a claim that would be contradicted by his guilty plea and plea colloquy and by the evidence offered at trial

prior to the plea).  Nor has he identified any manner in which he was prevented from filing by circumstances outside his control.  As noted, petitioner suggests that his receipt of the Tenth Circuit opinion was delayed by some unstated amount of time, but he has not explained how such delay could have affected the filing of his collateral claims.  *See, e.g.*, *Gabaldon*, __ F.3d at __, 2008 WL 1734777, at *2 ("a claim of insufficient access to relevant law is not enough to support equitable tolling") (quoting *Gibson*, 232 F.3d at 808); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (miscalculation of the statute of limitations does not provide a basis for equitable tolling) (cited with approval in *Marsh*, 223 F.3d at 1221).

Accordingly, the Court concludes that petitioner did not timely file his petition under 28 U.S.C. § 2255, and the petition is hereby dismissed.  In light of this conclusion, the Court need not address the merits of the petition or the Government's motion to dismiss the petition pursuant to petitioner's waiver of any collateral attack, which is denied as moot.  Because petitioner's original petition is untimely, petitioner's motion to amend that petition is also denied as moot.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 207) is **dismissed** as untimely.

IT IS FURTHER ORDERED THAT petitioner's motion to amend his section 2255 petition (Doc. # 213) is **denied as moot**.

IT IS FURTHER ORDERED THAT the Government's Motion for Enforcement of Plea Agreement (Doc. # 216) is **denied as moot**.

IT IS SO ORDERED.

Dated this 24th day of April, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge