# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-20077 |
| JUAN CARLOS QUINTANA-NAVARETTE, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Juan Carlos Quintana-Navarette pleaded guilty to one count of conspiring to distribute or possess with intent to distribute over 1000 kilograms of marijuana in violation of 21 U.S.C. § 846. He received a 120-month prison sentence. The Tenth Circuit Court of Appeals dismissed his direct appeal because of a waiver contained in his plea agreement. *United States v. Quintana-Navarette*, No. 06-3174, 192 Fed. App'x 790 (10th Cir. Aug. 22, 2006).

Mr. Quintana-Navarette then filed a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 207), which was dismissed as untimely (doc. 218). The Tenth Circuit denied his request for a certificate of appealability, *United States v. Quintana-Navarette*, 317 Fed.Appx. 742 (10th Cir. Sep 12, 2008), and the United States Supreme Court denied cert, *Quintana-Navarette v. United States*, 129 S.Ct. 2021 (2009).

Mr. Quintana-Navarette has now sent a letter requesting a transcript of the December 23, 2005 hearing, during which he contends "the court ruled to deny me access to my Discovery" (doc. 238). Mr. Quintana-Navarette asserts that this transcript is needed to "prepar[e] my defense," and he inquires whether he will need to pay the fee for the transcript.

Mr. Quintana-Navarette is not entitled to free transcripts from the court because there is no suit or appeal pending; he has not set forth any claim or particularized need for the transcripts. *See Brown v. N.M. Dist. Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n. 1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record).

Moreover, a habeas petition must be filed to trigger the specific habeas statute that grants indigent petitioners "documents" or "parts of the record" without cost. *See* 28 U.S.C. § 2250; *United States v. Lewis,* 1994 WL 563442, at * 1 (10th Cir. Oct. 14, 1994). Again, with nothing pending before this court, Mr. Quintana-Navarette is not entitled to documents or discovery as part of a § 2255 case. His request for free transcripts is therefore denied on that basis as well.

Moreover, as noted above, Mr. Quintana-Navarette has previously filed a § 2255 petition. A prisoner is permitted to file a second or successive § 2255 motion only after meeting certain requirements. *See* 28 U.S.C. § 2255(h)(2) (noting that a "second or successive" § 2255 petition may be filed only if it pertains to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Thus, Mr. Quintana-Navarette would need to satisfy the high standard for a successive § 2255 before the court would be willing to provide him a transcript.

The court will, however, forward Mr. Quintana-Navarette's letter to the court reporter, and she will contact him directly with a calculation of the fee for the transcript he seeks.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for transcript (doc. 238) is **denied**.

**IT IS SO ORDERED** this 6th day of April, 2010.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge