**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|                                        |   |                      |
|----------------------------------------|---|----------------------|
| **UNITED STATES OF AMERICA,**          | ) |                      |
|     **Plaintiff,**                     | ) |                      |
|     v.                                 | ) | **Case No. 05-20077** |
| **JUAN CARLOS QUINTANA-NAVARETTE,**    | ) |                      |
|     **Defendant.**                     | ) |                      |

**MEMORANDUM AND ORDER**

Defendant Juan Carlos Quintana-Navarette pleaded guilty to one count of conspiring to distribute or possess with intent to distribute over 1000 kilograms of marijuana in violation of 21 U.S.C. § 846. He received a 120-month prison sentence. The Tenth Circuit Court of Appeals dismissed his direct appeal because of a waiver contained in his plea agreement. *United States v. Quintana-Navarette*, No. 06-3174, 192 Fed. App'x 790 (10th Cir. Aug. 22, 2006).

Mr. Quintana-Navarette then filed a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 207), which was dismissed as untimely (doc. 218). The Tenth Circuit denied his request for a certificate of appealability, *United States v. Quintana-Navarette*, 317 Fed.Appx. 742 (10th Cir. Sep 12, 2008), and the United States Supreme Court denied cert, *Quintana-Navarette v. United States*, 129 S.Ct. 2021 (2009).

Earlier this month, Mr. Quintana-Navarette sent a letter requesting a transcript of the December 23, 2005 hearing, during which he contends "the court ruled to deny me access to my Discovery" (doc. 238). The court denied that request (doc. 239).

Mr. Quintana-Navarette has now sent a document entitled "Notice of Claim, Deprivation of Rights" (doc. 240) in which he raises several complaints, including that his attorney was ineffective, that his plea agreement was involuntary, that he was improperly denied discovery, and that the court acted in bad faith by failing to respond to Mr. Quintana-Navarette's complaint about his trial attorney. These arguments sound most like § 2255 claims, challenging the validity of his conviction and sentence. *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *Barkan v. United States*, 341 F.2d 95, 96 (10th Cir. 1965). And so the court will construe this latest filing as a motion pursuant to 28 U.S.C. § 2255.

As noted above, however, Mr. Quintana-Navarette has previously filed a § 2255 petition. A prisoner is permitted to file a second or successive § 2255 motion only after meeting certain requirements. *See* 28 U.S.C. § 2255(h)(2) (noting that a "second or successive" § 2255 petition may be filed only if it pertains to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). In order to file a successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2244(b)(3). However, where a petitioner files a successive § 2255 motion with the district court, and where that motion fails on its

2

face to satisfy the authorization standards of § 2255(h) and there is no risk that a meritorious successive § 2255 claim will be lost if the matter is not transferred, the district court may dismiss the motion. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Here, Mr. Quintana-Navarette has made no suggestion that he satisfies the standard to file a second or successive § 2255 petition. As such, his motion is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion entitled "Notice of Claim, Deprivation of Rights" (doc. 240), construed as a second or successive § 2255 motion, is **dismissed**.

**IT IS SO ORDERED** this 21st day of April, 2010.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge